```
_____ FILED    _____ LODGED
        _____ RECEIVED

              Apr 28 2023

         CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON AT TACOMA
   BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW GREENWOOD,<br><br>Defendant. | NO. CR23-5097 DGE<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and MATTHEW GREENWOOD and his attorney Rebecca Fish, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in Count 1 of the Information: *Conspiracy to Destroy Energy Facilities*, in violation of Title 18, United States Code, Section 1366(a).

Plea Agreement - 1
*United States v. Greenwood*, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense**. The elements of the offense of *Conspiracy to Destroy Energy Facilities*, in violation of Title 18, United States Code, Section 1366(a), are as follows:

> <u>First</u>, Defendant agreed with another person to knowingly and willfully damage the property of an energy facility in any amount; and
>
> <u>Second</u>, Defendant agreed with another person to cause a significant interruption and impairment of a function of an energy facility.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Conspiracy to Destroy Energy Facilities*, in violation of Title 18, United States Code, Section 1366(a), are as follows: A term of imprisonment of up to twenty (20) years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 2
*United States v. Greenwood*, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 3
United States v. Greenwood, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the
2  history and characteristics of Defendant; (3) the need for the sentence to reflect the
3  seriousness of the offense(s), to promote respect for the law, and to provide just
4  punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence
5  to criminal conduct; (5) the need for the sentence to protect the public from further
6  crimes of Defendant; (6) the need to provide Defendant with educational and vocational
7  training, medical care, or other correctional treatment in the most effective manner; (7)
8  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the
9  need to avoid unwarranted sentence disparity among defendants involved in similar
10 conduct who have similar records. Accordingly, Defendant understands and
11 acknowledges that:

12       a.     The Court will determine Defendant's Sentencing Guidelines range
13 at the time of sentencing;

14       b.     After consideration of the Sentencing Guidelines and the factors in
15 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the
16 maximum term authorized by law;

17       c.     The Court is not bound by any recommendation regarding the
18 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines
19 range offered by the parties or the United States Probation Department, or by any
20 stipulations or agreements between the parties in this Plea Agreement; and

21       d.     Defendant may not withdraw a guilty plea solely because of the
22 sentence imposed by the Court.

23    **7.**    **Ultimate Sentence.** Defendant acknowledges that no one has promised or
24 guaranteed what sentence the Court will impose.

25    **8.**    **Statement of Facts.** The parties agree on the following facts. Defendant
26 admits Defendant is guilty of the charged offense.

27      In December 2022, Matthew Greenwood and Jeremy Crahan agreed
28      together to break into and damage multiple electrical substations in the

Plea Agreement - 4
*United States v. Greenwood*, CR23-5097 DGE

Pierce County area. Their plan was to disrupt power throughout the area and then, while the power was out, to break into ATM machines and local businesses to steal money.

On December 25, 2022, Greenwood and Crahan damaged four electrical substations as part of their agreement. Crahan drove them to each of the substations in his Dodge pickup truck.

At approximately 2:30 a.m., Greenwood and Crahan broke into the Hemlock Substation, located at 10915 144th Street E., Puyallup, Washington, operated by Puget Sound Energy, by cutting through the perimeter fence. Greenwood manipulated a bank high side switch and damaged additional equipment, which caused a power outage for about 8,000 customers.

At approximately 5:00 a.m., Greenwood and Crahan broke into the Elk Plain Substation, located at 22312 46th Avenue E., Spanaway, Washington, operated by Tacoma Power, by cutting the padlocks on the exterior gate. Greenwood manipulated the high side breakers and damaged additional equipment, again causing a power outage.

At approximately 5:30 a.m., Greenwood and Crahan broke into the Graham Substation, located at 8820 224th Street E., Graham, Washington, operated by Tacoma Power, by cutting through the perimeter fence. Greenwood manipulated a bank high side switch and damaged additional equipment, which caused another power outage. The power outages at the Elk Plain and Graham substations resulted in a combined loss of power to at least 7,500 customers.

At approximately 7:25 p.m., Greenwood and Crahan broke into the Kapowsin Substation, located at 14321 Kapowsin Highway E., Graham, Washington, operated by Puget Sound Energy, by cutting through the perimeter fence. Greenwood tampered with the bank high side switch and attempted to pry the linkage open, causing sparks and arcing flames.

During the next few days, Greenwood and Crahan planned to cause additional power outages, again for the purpose of stealing money from ATM machines and local businesses. Specifically, they planned to fell trees that abutted the main power lines to cause power outages. In furtherance of his plan, Greenwood and Crahan scouted out power lines late at night and brought a chain saw with them. However, they ultimately did not attempt to fell any trees prior to their arrest on the instant charges.

Plea Agreement - 5
*United States v. Greenwood*, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 7, pursuant to USSG § 2B1.1(a)(1); and

A loss amount pursuant to USSG § 2B1.1(b)(1), in an amount to be determined by the Court at the time of sentencing.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentencing Recommendation.** The government agrees to recommend a sentence of not greater than the low end of the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Defendant is free to recommend any sentence. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of

Plea Agreement - 6
*United States v. Greenwood*, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and

Plea Agreement - 7
*United States v. Greenwood*, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

  c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

**13. Abandonment of Firearms and Contraband.** Defendant agrees that, if any federal law enforcement agency seized any other firearms, firearm accessories, ammunition, or illegal contraband that was in Defendant's direct or indirect control, Defendant abandons any and all interest in those items and consents to the federal administrative disposition, official use, and/or destruction of those items.

**14. Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to

Plea Agreement - 8
United States v. Greenwood, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct

Plea Agreement - 9
United States v. Greenwood, CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

**16.     Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 10
*United States v. Greenwood,* CR23-5097 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 21st day of April 2023.

_____
MATTHEW GREENWOOD
Defendant

_____
REBECCA FISH
Attorneys for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 11
United States v. Greenwood, CR23-

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970